Filed 3/27/25  P. v. Polk CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083357 |
| v. | (Super. Ct. No. FWV012744-1) |
| KENNETH BERNARD POLK, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Dismissed with directions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa A. Mandel and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

1

I.

INTRODUCTION

The trial court found it did not have jurisdiction to recall the sentence and resentence defendant and appellant Kenneth Bernard Polk pursuant to Penal Code[1] section 1172.75 because the sentencing enhancement imposed for his having suffered a prior prison term (§ 667.5, subd. (b)) had been stricken in 2002 from the original 1998 sentence based on dual use of facts. The court also denied defendant's section 1172.75 petition for resentencing under *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*).[2]

On appeal, defendant contends he is entitled to a full resentencing hearing pursuant to section 1172.75, even though his prison priors (§ 667.5, subd. (b)) were stayed or stricken. He also claims the order must be reversed because the hearing was conducted in his absence in violation of his federal and state constitutional right to be present. Because the trial court lacked jurisdiction to hear defendant's personally filed section 1172.75 petition, we dismiss the appeal. However, as noted by defendant, the

---

[1] All future statutory references are to the Penal Code.

[2] The question of whether section 1172.75 applies to prior prison terms which were imposed and stayed is currently pending before our Supreme Court. (See *Rhodius*, *supra*, 97 Cal.App.5th 38; *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted, Feb. 21, 2024, S283189 (*Christianson*); and *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2024, S283547.)

March 29, 2023, abstract of judgment must be corrected to reflect conviction for grand theft on count 2.[3]

## II.

## PROCEDURAL BACKGROUND[4]

On March 13, 1998, a jury found defendant guilty of second degree murder (§§ 187, subd. (a), 189, subd. (b); count 1) and grand theft (§ 489; count 2). The jury found true allegations that in the commission of both offenses, defendant personally used a firearm (§ 12022.5, subd. (a)) and a principal was armed with a firearm (§ 12022, subd. (a)(1)). The trial court further found true the allegations that defendant had one strike and had served one prior prison term. (§§ 667, subds.(b)-(i), 667.5, subd. (b).) In a bifurcated proceeding, the trial court found true that defendant had suffered one prior strike conviction (§ 667, subds. (b)-(i)) and two prior prison terms (§ 667.5, subd. (b)).

On February 22, 2002, following two remands for resentencing by this court,[5] the trial court sentenced defendant to prison for a determinate term of 11 years, followed by

---

[3] The original abstract of judgment erroneously shows that defendant was convicted of robbery in count 2. The jury found defendant guilty in count 2 of grand theft as a lesser included offense of robbery. Abstracts of judgments dated December 22 and December 28, 2001, and March 6, 2002, show a conviction for grand theft on count 2. The abstract of judgment dated March 29, 2023 shows that count 2 was a conviction for robbery.

[4] The underlying factual background is not relevant to the issues raised on appeal. We therefore dispense with a statement of facts.

[5] In defendant's original direct appeal, we remanded with direction that the trial court impose the firearm use enhancement attached to count 2 (grand theft). (*People v. Polk* (Nov. 28, 2001, E028623) [nonpub. opn.] (*Polk I*).) In defendant's second appeal,

*[footnote continued on next page]*

3

an indeterminate term of 30 years to life, calculated as follows: 15 years to life, doubled to 30 years to life due to the strike prior for count 1 (murder); a consecutive term of 10 years for the firearm use enhancement attached to count 1; a consecutive one year for the principal armed enhancement attached to count 1; a concurrent term of four years for count 2 (grand theft); a concurrent term of 10 years for the firearm use enhancement attached to count 2; a stayed one year term for the principal armed enhancement attached to count 2; and stayed one year terms for the two prior prison term enhancements.

On March 24, 2023, the trial court held an ex parte hearing. The minute order states: "The Court has read and considered SB483-PC1171/PC1171.1 Resentencing Stipulation form submitted by the clerk's office. [¶] The Court finds Petitioner satisfies the criteria in Penal Code 1171.1." "Court strikes the two 1 year PC667.5(B) prior(s). Sentence remains the same as sentence on PC667.5 priors was stayed." "Defense Motion for Resentencing pursuant to PC1171.1 is Granted." "District Attorney Notified," "Probation Officer Notified," and "Public Defender Notified."

On December 1, 2023, defendant in propria persona filed a motion to recall one-year prior pursuant to sections 1172.75 and 667.5, subdivision (b). Defendant claimed that the California Department of Corrections and Rehabilitation (CDCR) had "erroneously excluded [him] from possible resentencing under SB 483 by missing the law[']s deadline of July 1, 2022." He requested resentencing and that any ameliorative laws be applied to him. He attached a copy of the June 19, 1998, minute order from his

we remanded with direction that the trial court run the firearm enhancement term concurrently, since it had ran the term on count 2 concurrently. (*Polk I*, *supra*, E028623.)

4

original sentencing, which showed one one-year prison prior that was imposed and one one-year prison prior that was stayed.

On December 22, 2023, the trial court held a hearing on defendant's motion, at which he was represented by counsel but not present. The minute order noted defendant's presence was waived. The trial court said: "[T]he one-year priors were stricken pursuant to a stipulation at a previous request back on March 24th of 2023," but "[i]t does appear that there may be some other issues in regards to resentencing based on the enhancements." The trial court thus scheduled a hearing "for further petition of further resentencing."

On February 21, 2024, the trial court held a hearing on defendant's motion/petition for resentencing under section 1172.75. The trial court indicated that defendant's "presence was waived" and that defendant was represented by counsel. The court thereafter explained: "For the record, I did have an opportunity to review the court file, the original presentence investigation report, and abstract of judgment. He did receive a total of 41 years for Count 1, which was the 187 and 12022(a)(1), which would have been 15, doubled for 30 years, plus the allegation of ten years, and then one for the 12022(a)(1) for a total of 41 years to life. [¶] It does appear from looking back that, initially, the one year might have been imposed under 667.5(b), but on remittitur, it was later stricken in 2002 from the original 1998 sentencing based on the fact it was a dual use of facts. So it was then later stricken. [¶] We're now here in 2024, and I believe that since it was previously stricken in the past in 2002, the Court does not have jurisdiction

5

under 1172.75 for resentencing, and based on the Rhodius decision, R-h-o-d-i-u-s.  [¶] So his request for petition for resentencing is denied based on the fact that the one-year prior was stayed and/or stricken on a previous hearing back in 2002.  And the Rhodius decision . . . ."  Defense counsel urged the trial court to follow opinions disagreeing with *Rhodius* and requested a full resentencing hearing, but the court declined to do so. Defendant timely appealed.

## III.

## DISCUSSION

Defendant argues he is entitled to a full resentencing hearing pursuant to section 1172.75 regardless of whether the prior prison term enhancement was imposed, stayed, dismissed, or stricken.  He also asserts that the court has jurisdiction over this appeal and that the order should be reversed because the hearing was conducted in his absence without a valid waiver in violation of his constitutional right to be present.

The People respond that the appeal should be dismissed because defendant appeals from an order on his personal motion for resentencing under section 1172.75, a motion over which the trial court had no jurisdiction.  Alternatively, the People assert defendant is not entitled to a full resentencing hearing because section 1172.75 does not apply to an imposed and stayed section 667.5, subdivision (b) prior prison enhancement, and urge this court to follow the reasoning of our previous decision in *Rhodius* and affirm the order denying resentencing under section 1172.75.  The People also assert that defendant had no right to be present at the hearing where the trial court made the threshold

6

determination of his eligibility for resentencing under section 1172.75, but agree the abstract of judgment should be corrected.

Before January 2020, section 667.5, subdivision (b), permitted enhancements for any prior prison term for a felony. (Stats. 2018, ch. 423, § 65.) Effective January 1, 2020, the Legislature amended subdivision (b) to limit prior prison term enhancements to sexually violent offenses. (Stats. 2019, ch. 590, § 1.) The Legislature made this change retroactive by adding section 1171.1 (Stats. 2021, ch. 728, § 3), which was later renumbered to section 1172.75 without substantive change. (Stats. 2022, ch. 58, § 12.)

Under section 1172.75, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5," except for enhancements for certain sexually violent offenses, "is legally invalid." (§ 1172.75, subd. (a).) Section 1172.75 also provides that, if a prior prison term enhancement becomes invalid under the section, a trial court "shall recall the sentence and resentence the defendant" (§ 1172.75, subd. (c)), and, in doing so, "shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

Section 1172.75, subdivision (a), declares any sentence enhancement "imposed prior to January 1, 2020" pursuant to section 667.5(b), except for sexually violent offenses, to be "legally invalid." Subdivision (b) of section 1172.75 directs that the CDCR "shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and shall provide the

7

name of each person, along with [other information] to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (a).) After such notification, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

The record does not show CDCR identified defendant as currently serving an imprisonment term that included a section 667.5, subdivision (b) enhancement. Defendant instead independently filed a petition for recall and resentencing pursuant to section 1172.75. The trial court denied the petition, finding defendant did not fall within section 1172.75 because he was not currently serving a prison term that included a section 667.5, subdivision (b) enhancement as the court had stricken that enhancement.

Given section 1172.75's express requirement that CDCR initiate the contemplated recall and resentencing process set forth by the statute (§ 1172.75, subd. (b)), "section 1172.75 simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 384 (*Burgess*); see *People v. Newell* (2023) 93 Cal.App.5th 265, 268 (*Newell*).) The record lacks evidence that CDCR had initiated the recall process. Although the trial court had struck defendant's prior prison terms in March 2023, there is no evidence that CDCR had initiated the recall and resentencing proceedings. Moreover, even if CDCR had initiated the process in March 2023, defendant did not appeal from that order within

8

60 days and any issues relating to that order are untimely. We accordingly lack jurisdiction to address defendant's appeal from a petition he filed without involvement by CDCR. (*People v. Newell*, at p. 267; *People v. Burgess*, at p. 382.)

Additionally, the record shows that defendant *did* have a resentencing hearing under section 1171.1, which was renumbered to section 1172.75 and is the same statute as section 1171.1. The record demonstrates that defendant entered into a resentencing stipulation to strike his prison prior enhancements in March 2023. Resentencing by stipulation is permitted under section 1172.75, subdivision (e). Per that stipulation, on March 23, 2023, the trial court found that defendant satisfied the statutory criteria and resentenced him as agreed, which was to strike defendant's prison priors only. By the time defendant filed his current petition for resentencing, the statute had been renumbered to section 1172.75 and it was filed *after* defendant had already been resentenced by stipulation under the statute.

IV.

DISPOSITION

The appeal is dismissed.  The trial court is ordered to amend the abstract of judgment dated March 29, 2023, to reflect that count 2 was a conviction for grand theft and to forward a copy to the CDCR.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
Acting P. J.

We concur:


FIELDS
J.


RAPHAEL
J.